# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| SUE K. SELBY, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | **Case No.:  2:13-CV-2162-RDP** |
| v. | } | |
| | } | |
| GOODMAN MANUFACTURING | } | |
| COMPANY LP, et al., | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This matter is before the court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC").  (Doc. # 19).  The Motion has been fully briefed.  (Docs. # 20, 24, and 27).  For the reasons discussed below, the court concludes the motion is due to be granted in part and denied in part.

## I.      Background

Plaintiff purchased a newly constructed home on March 30, 2006.  At the time of the purchase, the home was equipped with a brand new Goodman HVAC unit.  (Doc. # 17 at ¶63).  Within a few months after moving into the home, Plaintiff's unit stopped working.  The problem was a coil in the unit and it was replaced. (Doc. # 17 at ¶65).  In 2012, the unit stopped working again.  Once again a repair technician determined that a coil required replacement.  (Doc. # 17 at ¶66).  There was a warranty covering replacement parts on the unit, but Plaintiff incurred labor and parts costs in the amount of $1,018 related to the repair. (Doc. # 17 at ¶66).

The warranty at issue is a "Limited Warranty." It covered a period of ten years if the unit was registered within sixty (60) days of the original installation.[1] Otherwise all parts were warranted for a period of five years. (Doc. # 17-1). The Limited Warranty states, "As its only responsibility, and your only remedy, Goodman will furnish a replacement part, without charge for the part only, to replace any part that is found to be defective due to workmanship or materials under normal use and maintenance." (*Id*.)

Plaintiff filed this action alleging that the evaporator coils used by Goodman in its air conditioning products were defectively designed and/or manufactured. (Doc. # 17 at ¶37). Plaintiff's FAC asserts causes of action for breach of express warranty, breach of implied warranty, violations of the Magnuson-Moss Warranty Act ("MMWA"), violations of Alabama's Extended Manufacturers Liability Doctrine ("AEMLD"), negligence/negligent design, fraudulent concealment/suppression, unjust enrichment and declaratory relief. (Doc. # 17).

## II.     Standard of Review

In most instances, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Nevertheless, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not

---

[1] The FAC does not allege that Plaintiff's unit was registered within sixty days of installation.

2

meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. To be plausible on its face, the claim must contain enough facts that "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The court must construe pleadings broadly and resolve inferences in a plaintiff's favor. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006). However, the court need not accept inferences that are unsupported by the facts asserted in the complaint. *Snow v. DirecTV, Inc*., 450 F.3d 1314, 1320 (11th Cir. 2006). Ultimately, the well-pleaded complaint must present a reasonable inference from the facts it alleges that show a defendant is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012). To survive Defendants' Motion, the allegations of Plaintiffs' Complaints must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1949.

## III.   Analysis

### A.  Breach of Express Warranty

#### 1.  Does Plaintiff Have A Timely Warranty Claim?

The court acknowledges that Defendants did not raise this issue in their Motion and supporting brief, but the court questions whether Plaintiff has stated a timely breach of warranty claim. Admittedly, Plaintiff has attempted to plead around this issue in the section of her FAC titled "Estoppel From Pleading Statute of Limitations or Repose." (Doc. # 17 at p. 19). However, her allegations are insufficient. Conduct which is sufficient to give rise to an estoppel

against the pleading of the statute of limitations must amount to an affirmative inducement to the plaintiff to delay bringing the action. *Franklin v. Mitchell,* 87 So.3d 573, 579-80 (Ala. Civ. App. 2011); *Moore v. National Sec. Ins. Co.*, 477 So.2d 346, 348 (Ala. 1985); *see also Seybold v. Magnolia Land Co*., 376 So.2d 1083, 1085 (Ala. 1979). Here, as in *Jim Walter Homes, Inc. v. Kendrick*, 810 So.2d 645 (Ala. 2001), Plaintiff does not allege an affirmative inducement to delay filing suit. Therefore, whether there is a timely claim is an inquiry appropriate for the court to consider.

Under Alabama law, state-law breach of warranty claims and Magnuson–Moss Act claims are subject to the four year statute of limitations provided for contracts for sale in Ala.Code 1975 § 7-2-725(2). *Brown v. General Motors Corp.*, 14 So.3d 104, 108 (Ala. 2009). In *Brown*, the Alabama Supreme Court held that such a claim accrues at the time the manufacturer breaches its contractual obligation to repair that good. Therefore, any claim regarding the 2006 repair of Plaintiff's unit is time barred because this action was not filed until 2013, well outside the statute of limitations. Moreover, after the 2006 repair, Plaintiff does not allege any further problems until 2012. Plaintiff has not alleged that she registered the unit to extend the five year coverage period to ten years. Therefore, under the allegations of the FAC, the 2012 repair occurred after the warranty had expired.

### 2. Plaintiff Has Not Properly Pled Notice

Under Alabama law, a buyer must provide notice to a seller before suing for breach of warranty. Ala. Code § 7-2-607(3)(a). Notice is a condition precedent to any claim for breach of warranty. *Consolidated Pipe and Supply Co., Inc. v. Stockham Valves and Fittings, Inc.*, 365 So.2d 968 (Ala. 1978).

4

"The Alabama Commercial Code explicitly makes notice a condition precedent to any claim of breach of warranty: '(3) Where a tender has been accepted: (a) The buyer must within a reasonable time after he discovers or should have discovered any breach *notify the seller of breach or be barred from any remedy*.'" *Smith v. Apple, Inc*., 2009 WL 3958096 * 1 (N.D. Ala. 2009) (Acker, J.) (quoting Ala.Code § 7-2-607(3)(a)) (emphasis supplied); *see also Parker v. Bell Ford, Inc.*, 425 So.2d 1101, 1102 (1983) ("This court, on several occasions, has characterized notice, such as required by § 7-2-607, as a condition precedent to recovery.") (citing *Smith v. Pizitz of Bessemer, Inc*., 271 Ala. 101, 122 So.2d 591, 592 (1960)). "There is no distinction between implied warranties and express warranties insofar as this precondition is concerned. Affirmatively pleading notice is critical to the stating of a claim for breach of warranty under Alabama law." *Smith,* 2009 WL 3958096 at * 1 (citing *Hobbs v. Gen. Motors Corp.*, 134 F.Supp.2d 1277, 1285-86 (M.D. Ala. 2001) (noting that the filing of a lawsuit itself constitutes sufficient notice only if personal injuries are involved)).

Plaintiff has alleged that Defendant was necessarily aware of the alleged defects because she requested repairs. However, "a general awareness on [Defendant's] part of alleged defects in its [product] does not extinguish the purposes of the notice requirement, nor does it substitute for that requirement under Alabama law." *Smith,* 2009 WL 3958096 at * 2. What is required is notice of the alleged *breach of warranty*. Plaintiff has not alleged that she gave notice of such a breach. Therefore, Plaintiff's breach of express and implied warranty claims are due to be dismissed.

5

### B. Breach of Implied Warranty

In addition to the infirmities discussed above, Plaintiff's breach of implied warranty claim is also barred for lack of privity.  Plaintiff has sued a manufacturer under a theory of breach of implied warranty.  However, privity is a "lynchpin" of a breach of implied warranty claim. *Blackmon v. Powell,* 132 So.3d 1, 6 (Ala. 2013).  In *Tucker v. General Motors Corp*., 769 So.2d 895, 901 (Ala. Civ. App. 1998) (reversed in part on other grounds, *Ex parte General Motors Corp.*, 769 So.2d 903 (Ala. 1999)), the Court of Civil Appeals determined that implied warranties apply only to "sellers" and not to manufacturers.  Thus, Plaintiff could assert her breach of implied warranty claim against the seller, but not against the manufacturer with which she had no dealings in acquiring the unit at issue.  *See Wellcraft Marine v. Zarzour*, 577 So.2d 414, 419 (Ala.1990) ("There is no right of action on an implied warranty theory against a manufacturer for property damage without privity of contract.").  Because Plaintiff has not alleged that Defendants were the seller of the HVAC unit at issue, her breach of implied warranty claim against them must fail.  *Blackmon*, 132 So.3d at 6.

Plaintiff attempts to overcome this privity problem by alleging that she suffered "personal injury" as a result of Defendant's conduct.  Specifically, she alleges that she suffered emotional distress and mental anguish.  "'In Alabama the general rule is that mental anguish is not a recoverable element of damages arising from breach of contract.'" *Bowers v. Wal-Mart Stores, Inc.,* 827 So.2d 63, 70 (Ala. 2001) (quoting *B & M Homes, Inc. v. Hogan*, 376 So.2d 667, 671 (Ala. 1979)).  There are certain exceptions where it is highly foreseeable that egregious breaches of certain contracts will result in significant emotional distress.  *Bowers,* 827 So.2d at 70.  However, this case does not present such a scenario.  In *Bowers*, the Alabama Supreme Court

6

rejected a mental anguish claims stemming from the breach of a warranty to perform maintenance on a two year old car. *Bowers,* 827 So.2d at 70. As with a car warranty, this court does not believe that a breach of a contractual duty to properly service an air conditioner is "so coupled with matters of mental concern or solicitude" that a breach of that duty will necessarily or reasonably result in mental anguish or suffering. *Id.* Therefore, Plaintiff was not excused from alleging privity under her breach of implied warranty claim.

### C.  Plaintiff's Magnuson-Moss Warranty Act ("MMWA") Claim

Plaintiff's MMWA claim is not independent of her state law breach of warranty claims. "'The Act does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law.'" *McCabe v. Daimler AG,* 948 F.Supp.2d 1347, 1364 (N.D. Ga. 2013) (quoting *Fedrick v. Mercedes–Benz USA, LLC,* 366 F.Supp.2d 1190, 1200 n. 14 (N.D. Ga. 2005) (in turn citing *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C. Cir. 1986))). Because, as discussed above, Plaintiff's state law breach of warranty claims are due to be dismissed, and because Plaintiff has not alleged a violation of the MMWA independent of those claims, her MMWA claim must also be dismissed.[2]

---

[2] The notice required under the MMWA operates differently than that called for under state law breach of warranty claims. Representative plaintiffs may file a class action suit—without first notifying the defendant that they are proceeding as a class—so that the court can determine the named plaintiffs' representative capacity; however, once that determination is made, the suit cannot then go forward until the defendant has a reasonable opportunity to cure. *See, e.g., Porter v. Chrysler Group LLC,* 2013 WL 3884141 * 2 (M.D. Fla. 2013); *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1004 (D.C. Cir.1986) ("The Act also provides that a plaintiff may file a class action, but may not proceed with that action, until she has afforded the defendant a reasonable opportunity to cure its alleged breach. While the class action is held in abeyance pending possible cure, the district court may rule on the representative capacity of the named plaintiffs...."); *In re Porsche Cars N. Am., Inc.,* 880 F.Supp.2d 801, 824-25 (S.D. Ohio 2012) (conducting an in-depth analysis of the statutory language and concluding that the MMWA does not require pre-suit notice of the class, only that a previously filed class action cannot proceed until the defendant is given an opportunity to cure).

### D.  Plaintiff's AEMLD Claim

Defendants argue that Plaintiff's claims for negligence, negligent design and violations of the AEMLD fail because there are no allegations that Defendants products are unreasonably dangerous or unsafe or that an alternate design was available, and the economic loss rule bars Plaintiff's claims.

"To establish a prima facie case under the AEMLD, Plaintiff must show: (1) that [Defendants] manufactured, designed or sold a defective, unreasonably dangerous product; (2) that the product reached the consumer in substantially the same condition in which it was sold; and (3) that the product injured the consumer when it was put to its intended use."  *McClain v. Coca-Cola Co. Distributor*, 2009 WL 2985693 * 5 (M.D. Ala. 2009) (citing *Beam v. Tramco, Inc.*, 655 So.2d 979, 981 (Ala. 1995) and *Cooper v. Toshiba Home Tech. Corp*., 76 F.Supp.2d 1269, 1276 (M.D. Ala. 1999)).

Plaintiff has alleged that she suffered emotional distress when her air conditioner went out, but she has failed to allege that she was injured when the HVAC unit was put to its intended use.  In this sense, because the product must be alleged to be "unreasonably dangerous," it seems logical that "injury" means something more than vague allegations of emotional distress. Furthermore, Plaintiff has only made conclusory allegations that the product was "unreasonably dangerous."  Her allegations in the regard are simply that, if a unit failed in the summer in the South or in Alabama, class members would be exposed to the heat, a natural environmental condition.  She has not alleged factual matter which would support the conclusion that the product was dangerous.  Based on its "judicial experience and common sense," the court

8

concludes that these allegations of Plaintiff's FAC are insufficient to state a plausible claim under the AEMLD.[3]

### E.  Plaintiff's Negligence/Negligent Design Claims

It is well settled that "[t]he elements of a negligence claim are a duty, a breach of that duty, causation, and damage." *Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So.2d 665, 679 (Ala. 2001) (citing *AALAR, Ltd., Inc. v. Francis*, 716 So.2d 1141, 1144 (Ala. 1998)).  Defendant argues that Plaintiff's negligence/negligent design claim is barred by the economic loss rule. "Under [the economic-loss] rule, a cause of action does not arise under tort theories of negligence, wantonness, strict liability, or the AEMLD where a product malfunctions or is defective and thereby causes damage only to the product itself."  *Ford Motor Co. v. Rice*, 726 So.2d 626, 631 (Ala. 1998) (citing *Wellcraft Marine, a Div. of Genmar Industries, Inc. v. Zarzour*, 577 So.2d 414 (Ala. 1990); *Dairyland Ins. Co. v. General Motors Corp*., 549 So.2d 44 (Ala.1989); and *Lloyd Wood Coal Co. v. Clark Equip. Co.*, 543 So.2d 671 (Ala. 1989)). However, Plaintiff has also alleged that she suffered mental anguish and a diminution in the value of her home.  Thus, although certain damages claimed by Plaintiff may well be barred by the economic loss rule, the court believes that Plaintiff has plausibly stated a negligence claim in her FAC.

### F.  Plaintiff's Fraudulent Concealment/Suppression Claim

"The elements of a cause of action for fraudulent suppression are: (1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury."

---

[3] To be clear, however, the court concludes that Plaintiff has sufficiently alleged the availability of a practical alternative design. *See* Doc. # 17 at ¶ 121.

*Lambert v. Mail Handlers Benefit Plan*, 682 So.2d 61, 63 (Ala. 1996).  "A duty to communicate can arise from a confidential relationship between the plaintiff and the defendant, from the particular circumstances of the case, or from a request for information, but mere silence in the absence of a duty to disclose is not fraudulent." *Jewell v. Seaboard Indus., Inc*., 667 So.2d 653, 658 (Ala.1995) (citations omitted).

Plaintiff makes the conclusory allegation that Defendants had a duty to disclose because they were in a confidential relationship with Plaintiff and potential class members.  However, Plaintiff supplies no factual allegations to support this naked assertion.  Therefore, Plaintiff has failed to plausibly plead the first element of a fraudulent suppression or concealment claim.  Furthermore, Plaintiff has not alleged how she was induced to act to her injury.  Plaintiff purchased the home with the HVAC unit already installed.  She has not alleged that she took any affirmative action to her injury based on any alleged concealment by Defendants.  Therefore, Plaintiff has also failed to plausibly plead the fourth element of her fraudulent suppression or concealment claim

Moreover, under Alabama law, the breach of an express warranty will not support a fraud claim. *Palm Harbor Homes, Inc. v. Crawford*, 689 So.2d 3, 10-11 (Ala. 1997).  The Alabama Supreme Court has held that the language of an express warranty to repair cannot be construed as a representation that a product is entirely free of defects. *Hughes v. Hertz Corp*., 670 So.2d 882 (Ala.1995); *Rhodes v. General Motors Corp*., 621 So.2d 945 (Ala.1993); *Tittle v. Steel City Oldsmobile GMC Truck, Inc*., 544 So.2d 883 (Ala.1989). Rather than representing that a product is free of defects, an express warranty to repair anticipates that defects may occur and that, if detected during the term of the warranty, they will be remedied. *Hughes*, 670 So.2d at 886;

10

*Rhodes*, 621 So.2d at 948; *Tittle*, 544 So.2d at 891.  Therefore, for this reason, too, Plaintiff has failed to plausibly state a fraudulent suppression or concealment claim.

### G.  Unjust Enrichment

Defendants next argue that Plaintiff's claim for unjust enrichment should be dismissed because Plaintiff cannot obtain recovery under both contractual breach of warranty theories and an equitable claim of unjust enrichment.  Plaintiff argues that such a determination is premature and that she is allowed to plead alternatively.  However, this argument is badly off the mark.  It is not whether Plaintiff is successful on a breach of contract claim that precludes her unjust enrichment claim, it is the undisputed existence of a contract.  Plaintiff herself has pleaded the existence of an express warranty and provided a copy of that document attached to her FAC. Defendants do not dispute the existence or binding nature of that document.  Plaintiff herself alleges that her HVAC unit was repaired pursuant to that warranty.

Defendants cited *White v. Microsoft Corp.,* 454 F.Supp.2d 1118 (S.D. Ala. 2006) in their brief on this issue.  In *White*, the court held that the existence of a warranty precluded the plaintiff's unjust enrichment claim over a malfunctioning game console.  *White,* 454 F.Supp.2d at 1133.  Interestingly, Plaintiff has not attempted to address, much less distinguish *White*.  (Doc. # 24 at 10-11).  In light of Plaintiff's allegations in this case as to the warranty, just as in *White*, it is "unnecessary to indulge the legal fiction of implying such a contract to avoid an inequitable outcome."  *White,* 454 F.Supp.2d at 1133.  Based on the allegations Plaintiff's FAC, her unjust enrichment claim is due to be dismissed.

### H.  Declaratory Relief

Finally, Defendants argue that Plaintiff's claim for declaratory relief is superfluous and unnecessary because the declaratory relief is premised on the same facts and seeks the same relief as her other claims in this action.  Plaintiff again argues that she is entitled to plead alternatively.

"The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits a court to declare the rights of parties only in cases of 'actual controversy.'"  *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F.Supp.2d 1333, 1346 (S.D. Fla. 2012).   In *Perret*, the court dismissed Plaintiff's declaratory relief claim with prejudice because Plaintiff was not really seeking a declaration of rights.  Rather, she was seeking a declaration that the defendants' actions were unlawful.  *Perret*, 889 F.Supp.2d at 1346-47.   Here, too, what Plaintiff's FAC seeks is a declaration that Defendants actions were violative of her various rights.  "A court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings and are already before the court."  *Perret*, 889 F.Supp.2d at 1346-47 (citing *Fernando Grinberg Trust Success International Properties, LLC v. Scottsdale Insurance Co.*, 2010 WL 2510662, *1 (S.D. Fla. 2010)).  Because here, as in *Perret*, the declaration sought is essentially the same as the relief sought in Plaintiff's other claims, her claim for declaratory relief is due to be dismissed with prejudice.

### IV.   Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. # 19) is due to be granted in part and denied in part.  Defendants' Motion as to Counts I through IV and Counts VI through VIII is due to be granted and the claims asserted in Counts I through IV and Counts VI

and VII are due to be dismissed without prejudice, and the claim asserted in Count VIII is due to

be dismissed with prejudice.  Defendants' Motion as to Plaintiff's claim in Count V is due to be

denied.  A separate order in accordance with this memorandum opinion will be entered.

  **DONE** and **ORDERED** this June 17, 2014.

              _____

              **R. DAVID PROCTOR**
              UNITED STATES DISTRICT JUDGE